UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WEKESLEI JUNIO DA SILVA,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>BRUCE SCOTT, *et al.*,<br><br>　　　　　Respondents. | Case No. 2:25-cv-2651-RSM<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 |

　　　This matter comes before the Court on Petitioner Wekeslei Junio da Silva's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. Dkt. #1. The Court has reviewed the petition, the responsive briefing filed by the Government, Dkts. #6-9, and the remainder of the record.

　　　Petitioner is a citizen and native of Brazil. Dkt. #7 at ¶ 3. Petitioner entered the United States on May 4, 2023, and was released on an Order of Recognizance ("OREC") with a Notice to Appear his immigration court proceedings in Massachusetts. *Id*. at ¶¶ 4-5. Petitioner appeared for his first hearing on November 27, 2024, where he was granted a continuance to find counsel. *Id*. at ¶ 6. On April 21, 2025, after retaining counsel, Petitioner filed his application for relief with the immigration court in Massachusetts, including his asylum application. *Id*. at ¶ 7; Dkt. #1 at 7 and Ex. A, ¶ 3.

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 - 1

On August 23, 2025, Petitioner filed an updated address form with the immigration court, showing his residence as continuing in Massachusetts. *Id*. at ¶ 8. Petitioner's fiancé, Jaqueline Barroso, a United States citizen, states that she has lived with Petitioner "for more than 7 months" in Burlington, Massachusetts, where Petitioner owns a towing and transportation company. Dkt. #1 at Ex. A, ¶¶ 2 and 8. Petitioner's business partner at "J&J Towing and Transport Co.," Julio Morais, a United States citizen, states that he and Petitioner have owned this small business together since August 12, 2025. *Id*. at Ex. B. Petitioner's next master calendar hearing date before the immigration court in Massachusetts is set for March 9, 2027. *Id*. at Ex. F.

On December 8, 2025, U.S. Customs and Border Patrol ("CBP") officers conducted a traffic stop of Petitioner's vehicle after noting his Massachusetts plates "within the Interstate 90 corridor near St. Regis, Montana, an area identified for narcotics and human smuggling activities." Dkt. #7 at ¶ 9. The Government's provided statement from one of the CBP agents states that they stopped Petitioner "for an inoperable license plate light." Dkt. #9-1 at 3. The Government states that "Petitioner told [C]BP he was present in the United States without documentation to enter or remain and that he was present in Montana for employment purposes." *Id*. The officers determined that Petitioner "posed a flight risk if released" and re-detained him. *Id*; Dkt. #9-1 at 3 ("Acting Patrol Agent in Charge Dylan MacGregor was contacted and determined that DA SILVA posed a potential risk of absconding if released, authorizing the [*sic*] DA SILVA's custody.").

On the same day as his re-detainment, Petitioner was told that his OREC was being revoked "for failing to update his address with the court, constituting a violation of his release." Dkt. #7 at ¶ 10. The CBP agent states that Petitioner "was encountered while driving to in [*sic*] Montana for employment purposes, [*sic*] and failed to update his address with the court as required under INA 265[,]" which "constitutes a violation of the conditions of his release and

demonstrates noncompliance with immigration court requirements. As a result, the subject is now considered a flight risk[.]" Dkt. #9-1 at 4. Petitioner was then transferred to Northwest Immigration and Customs Enforcement ("ICE") Processing Center ("NWIPC") in Tacoma, Washington, where he is scheduled for a master calendar hearing before the Tacoma Immigration Court on January 15, 2025. Dkt. #7 at ¶¶ 11-13.

Federal courts have authority to grant writs of habeas corpus to an individual in custody if such custody is a "violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). In this case, Petitioner contends that his arrest and detention violate the Due Process Clause of the Fifth Amendment to the United States Constitution, which prohibits the federal government from depriving any person of "life, liberty, or property, without due process of law[.]" U.S. Const. Amend. V. The right to due process extends to "all 'persons' within the United States, including [non-citizens], whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001).

"Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment." *Mathews v. Eldridge*, 424 U.S. 319, 332, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976). "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Id*. at 333 (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552, 85 S. Ct. 1187, 14 L. Ed. 2d 62 (1965)). Determining whether an administrative procedure provides the process constitutionally due:

> generally requires consideration of three distinct factors: First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's

> interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Id*. at 335.

In *Rodriguez Diaz v. Garland*, the Ninth Circuit assumed without deciding that *Mathews*' three-part test applies in "the immigration detention context." 53 F.4th 1189, 1206-07 (9th Cir. 2022). The Government discusses how the application of the *Mathews* text applies here, and the Court will consider each *Mathews* factor in turn to determine whether Petitioner's arrest and detention comport with constitutional due process requirements. In so doing, the Court is mirroring the application of this test used by other judges in this District. *See, e.g., E.A. T.-B. v. Wamsley, et al.*, No. 25-1192-KKE, -- F. Supp. 3d --, 2025 WL 2402130 (W.D. Wash. Aug. 19, 2025). The Government "acknowledge[s]" the holding in *E.A. T.-B.* and similar cases from the district courts but "[r]espectfully" disagrees, arguing that "these decisions erroneously conflate" the Government's statutory requirements. Dkt. #6 at 6.

Petitioner's interest in not being detained is "the most elemental of liberty interests[.]" *Hamdi v. Rumsfeld*, 542 U.S. 507, 529, 124 S. Ct. 2633, 159 L. Ed. 2d 578 (2004). That Petitioner was arrested in public while working, detained, transferred to a facility in a different state, and remains in custody undoubtedly deprives him of an established interest in his liberty, an interest only strengthened by the Government allowing Petitioner to remain in the community since his initial May 2023 detention.

The second *Mathews* factor considers whether a particular process results in a risk of erroneous deprivation of a protected interest. This factor also weighs heavily in Petitioner's favor. The Government's reasoning – that he failed to notify the Massachusetts immigration court of an address change – clearly highlights this risk. Petitioner states that he co-owns and operates a towing and transportation business out of Massachusetts. Nothing about Petitioner's

work or continuous residence in Massachusetts is contradicted by the Government's provided facts and arguments. Under the facts of this case, the Court finds that the risk of erroneous deprivation of Petitioner's liberty interest in the absence of a pre-detention hearing is high.

In the final *Mathews* factor, the Court considers the Government's interest in arresting and detaining Petitioner without a hearing. The Government clearly has an interest in detaining removable non-citizens under certain circumstances to the extent needed to ensure that they do not abscond or commit crimes. But where Petitioner has been living for years in Massachusetts with permission of the immigration court, following the rules and waiting for his hearing, especially with no mention of any missed check-ins or alleged violations by the Government, and there is no change in his particular factual circumstances prior to arrest, the Government fails this factor. There is no evidence on the record that he is a flight risk or danger to the community. The Court finds that the Government's interest here is low. *See also E.A. T.-B., supra*.

Based on this review of the *Mathews* factors, the Court finds that Petitioner has a protected liberty interest in his continued release from custody, and due process requires that Petitioner receive a hearing before an immigration judge before he can be re-detained.

Accordingly, having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Petitioner's habeas petition, Dkt. #1, is GRANTED. The Court ORDERS that Petitioner shall be released from custody immediately and may not be re-detained until after an immigration court hearing is held (with adequate notice) to determine whether detention is appropriate.

DATED this 14th day of January, 2026.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 - 5